The **FIRST FARMERS AND MER-CHANTS NATIONAL BANK OF TROY**, Appellant,

v.

**COLUMBIA CASUALTY COMPANY**, Appellee.

No. 15694.

United States Court of Appeals Fifth Circuit.

Oct. 28, 1955.

J. M. Williams, Jr., Montgomery, Ala., Ewell C. Orme, Troy, Ala., Rushton, Stakely & Johnston, Montgomery, Ala., of counsel, for appellant.

Albert W. Copeland, Richard C. Belser, John C. Godbold, Montgomery, Ala., Hill, Robison & Belser, Godbold & Hobbs, Montgomery, Ala., of counsel, for appellee.

Before JONES and BROWN, Circuit Judges, and LYNNE, District Judge.

PER CURIAM.

One Patterson was employed as a salesman by Hudson and Thompson, wholesale grocers. Patterson was authorized to collect from his customers. He had authority to deposit in his personal account with appellant bank collections in the form of cash or checks payable otherwise than to Hudson and Thompson with the duty to account to them for such collections and deposits. Although without any express authority to do so, Patterson placed the endorsement of Hudson and Thompson on checks payable to them and deposited such checks in the bank to his credit. From this account Patterson drew checks in discharge of his personal obligations as well as to Hudson and Thompson. Over a period of a little less than four years Patterson deposited in the account nearly $481,000 of which approximately $174,000 was in the form of checks payable to Hudson and Thompson. Claiming that Patterson was short in his accounts, Hudson and Thompson made demand upon the appellee casualty company for payment under an employees' fidelity bond which it had issued upon employees of Hudson and Thompson. The appellee paid Hudson and Thompson $6,000, the full amount for which Patterson was bonded, and took an assignment from Hudson and Thompson.

The appellee casualty company brought an action against the appellant bank alleging in a common count complaint money received to the use of Hudson and Thompson. By rather prolix pleadings the appellant set up as defenses a gener-

al denial, estoppel by the conduct of Hudson and Thompson, an allegation that Patterson was authorized to and did reimburse himself for expenses and pay his salary from funds of Hudson and Thompson in his possession, and that it had no funds of Hudson and Thompson in its possession at the time of the accrual of appellee's cause of action.

The appellee's theory at the trial was that it had made out a prima facie case upon showing that checks payable to Hudson and Thompson had been deposited by the appellant to Patterson's credit when indorsed in the payees' name by Patterson without authority. The Court refused to admit evidence offered by appellant for the purpose of showing offsets and credits of Patterson against Hudson and Thompson, and directed a verdict for the appellee. During the trial the District Judge commented that there was no evidence that Patterson was agent of Hudson and Thompson to indorse their checks and make use of their funds.

■ From his observations to counsel and from the language used in his charge to the jury it appears that the District Judge was of the opinion that the appellant could take credit only for such amounts as were paid direct by Patterson from the Patterson bank account to Hudson and Thompson and could not take credit for or set off other items such as expenses and salary even though such items would have been allowable credits in an accounting between Hudson and Thompson and Patterson. In this opinion and in the rulings made pursuant thereto we think the District Judge erred.

■ The appellee, as subrogee, assignee, or both, is in the shoes of Hudson and Thompson. It has such rights as Hudson and Thompson could have asserted. The correlative doctrine is equally applicable so that any defenses which the appellant might have asserted against Hudson and Thompson, had the action been brought by it, should be available to appellant, and any evidence which would be admissible on behalf of the appellant against Hudson and Thompson should be received in the trial of the action of appellee against appellant. 83 C.J.S., Subrogation, § 14.

Since a new trial is to be had, the question as to whether Patterson had authority of Hudson and Thompson to indorse checks, or whether they and their assignee and subrogee are estopped to deny that Patterson had such authority are questions to be determined from the facts as disclosed by the evidence to be adduced.

For a new trial and proceedings consistent herewith the judgment of the District Court is

Reversed and remanded.